F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 28 2021 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JANELLE ATKINSON-WIGNALL,

    *Plaintiff,*

-against-

STATE UNIVERSITY OF NEW YORK,

    *Defendant.*

2:19-cv-06527 (GRB/SIL)

STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL WITH PREJUDICE

#

STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL WITH PREJUDICE ("Settlement Agreement") made by and between Plaintiff, Janelle Atkinson-Wignall ("Plaintiff"), and Defendant, State University of New York ("Defendant" or "SUNY") (collectively the "Parties") as of September 24, 2021:

WHEREAS, Plaintiff commenced the above-captioned action by filing a complaint in the United States District Court for the Eastern District of New York, Docket No. 2:19-cv-06527, on or about November 19, 2019 ("the Action"), asserting claims against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1) and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a); and

WHEREAS, the current deadline for the Parties to serve motions for summary judgment in the Action is October 26, 2021; and

WHEREAS, Defendant expressly denies any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

WHEREAS, the Parties to the Action desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation and without admission of fault or liability;

1

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, the Parties hereto hereby stipulate and agree as follows:

1. **Dismissal of the Action with Prejudice.** The Action, and all claims asserted in the Action, are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 of this Settlement Agreement.

2. **Payments to Plaintiff and Plaintiff's Attorneys.** For and in consideration of Plaintiff's execution of this Settlement Agreement, her agreement to be bound by its terms, and her undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare as set forth in Paragraphs 7 and 8, the State of New York, on behalf of defendants, shall pay the total sum of THREE HUNDRED EIGHTY FIVE THOUSAND DOLLARS ($385,000.00) in full and complete satisfaction of all claims, allegations, or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against Defendant, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, arising out of conduct, acts, or omissions prior to, up to, and including the date of this Settlement Agreement, asserted in the Action, as follows:

(a) The State of New York shall pay to Plaintiff and Plaintiff's attorneys the sum of TWO HUNDRED AND TEN THOUSAND DOLLARS ($210,000.00), for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of any and all claims, allegations, or causes

of action for compensatory damages, and any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action as well as in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted in the Action. The foregoing payment shall be made payable to "Newkirk Zwagerman, P.L.C., as attorneys for Janelle Atkinson-Wignall" and mailed to Newkirk Zwagerman, P.L.C. at 521 East Locust Street, Suite 300, Des Moines, Iowa 50309.

(b) The State of New York shall pay to Plaintiff, Janelle Atkinson-Wignall, the sum of ONE HUNDRED SEVENTY FIVE THOUSAND DOLLARS ($175,000.00), for which an I.R.S. Form W-2 shall be issued, in full and complete satisfaction of any and all claims, allegations, or causes of action for lost wages, including but not limited to, lost wages, benefits, back pay, front pay, severance pay, commissions, bonuses, reimbursements, pension plan contributions, and any non-vested retirement, pension, health, or savings plan benefits, or other compensation, less all applicable withholdings, payroll deductions, and taxes. The foregoing payment shall be made payable to Janelle Atkinson-Wignall and mailed to her attorneys at Newkirk Zwagerman, P.L.C. at 521 East Locust Street, Suite 300, Des Moines, Iowa 50309.

3. **State Approval of Payments.** Payments of the settlement amounts referenced in Paragraph 2 are subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's attorneys agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment. In the event such approval is not obtained, then this Settlement Agreement shall be null, void, and of no further force and effect.

4. **Accrual of Interest.** In the event that payments of the settlement amounts referenced in Paragraph 2 have not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General of a "So Ordered" copy of this Settlement Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3, 7, 8 and 10 of this Settlement Agreement, interest on any part of the settlement amounts not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day, and shall be included in the settlement payment.

5. **Liability of Plaintiff and Plaintiff's Attorneys for Taxes.** Any taxes, or interest or penalties on taxes, on the payments referenced in Paragraph 2(a) of this Settlement Agreement shall be the sole and complete responsibility of Plaintiff, or her attorneys for fees paid to said attorneys. Plaintiff and her attorneys agree and acknowledge that they shall have no claim, right, or cause of action against SUNY and/or the State of New York, or any of the State's agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, on account of such taxes, interest, or penalties. Plaintiff agrees that she will defend, indemnify, and hold harmless SUNY and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

6. **Liability of Plaintiff and Plaintiff's Attorneys for Liens.** Plaintiff and Plaintiff's attorneys agree that neither Defendant, the State of New York (including, but not limited to, any

and all agencies, departments, and subdivisions thereof), nor any of their officials, employees, or agents, whether in their individual or official capacities, shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) which may attach to the payments referenced in Paragraph 2. Plaintiff and Plaintiff's attorneys shall have no claim, right, or cause of action against Defendant, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agree that, upon reasonable notice and opportunity to defend against such claim, they will defend, indemnify, and hold harmless Defendant, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

7.  **Medicare Certification.** Plaintiff represents and warrants that she is not a Medicare recipient, has never been on Medicare or Social Security Disability Insurance ("SSDI"), that no conditional payments have been made on her behalf by Medicare, and that she does not expect to be a Medicare recipient within the next thirty (30) months. Plaintiff agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as Exhibit A, to the Office of the Attorney General. Plaintiff and Plaintiff's attorneys acknowledge and understand that receipt of this document by the Office of the Attorney General is a prerequisite to payment of the settlement amounts referenced in Paragraph 2, and that this document falls within the category of "other documentation" described in Paragraphs 3 and 4.

8.  **Liability of Plaintiff for Any Medicare Payments and/or Liens.** Plaintiff agrees, upon reasonable notice and opportunity to defend against such claim, to defend, indemnify, and

hold harmless Defendant, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and their officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York reserves the right to issue a multi-party settlement check, naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter. Upon receipt of all required documentation under Paragraphs 3, 4 and 7, payments of the settlement amounts referenced in Paragraph 2 shall be made in accordance with the terms set forth herein.

9. **General Release.** For and in consideration of the payments referenced in Paragraph 2 and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of herself, her heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges Defendant, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and all of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (collectively, "the Released Parties") from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, regarding or arising out of

the acts, transactions, occurrences, omissions, or things whatsoever which are described, alleged, or contained in the complaint and all amended complaints in the Action up to and including the date of this Settlement Agreement.

12. **No Other Action or Proceeding Commenced.** Other than the Action, Plaintiff represents and warrants that she has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against Defendant, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or their officials, employees, or agents, whether in their individual or official capacities, on her own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendant to enter into this Settlement Agreement.

13. **No Other Attorney.** The undersigned attorneys for Plaintiff represent and warrant that there are no other attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in the Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted in the Action. The undersigned attorneys for Plaintiff agree to defend, indemnify, and hold harmless Defendant, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and their officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action.

14. **No Prevailing Party.** Neither Plaintiff nor Defendant shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

15. **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

16. **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

17. **Voluntary Agreement.** Plaintiff represents and warrants that she has thoroughly discussed all aspects of this Settlement Agreement with her attorneys, and that she has carefully read and fully understands all of the provisions of this Settlement Agreement. Plaintiff further represents and warrants that she has executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that she understands its terms, contents, and effect. Plaintiff acknowledges that she is and has been represented by counsel of her own choosing in the negotiation, drafting, and preparation of this Settlement Agreement, that she has consulted with such counsel before agreeing to any settlement or release, and that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

18. **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Agreement and the actions taken or

payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in the Action or as constituting any admission of wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, practice, or custom of Defendant, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and their officials, employees, or agents, whether in their individual or official capacities.

19. **No Precedential Value.** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendant, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses thereto.

22. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the Parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Parties hereto or an authorized representative of the Parties hereto.

23. **Governing Law.** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be

performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims pursuant to Paragraph 9 of this Settlement Agreement.

24. **Severability.** If any provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

25. **Headings.** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

26. **Counterparts.** This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

# [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**THIS SETTLEMENT AGREEMENT INCLUDES A
RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS**

Janelle Atkinson-Wignall

_____  Dated: September 23, 2021

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF Suffolk )

Emily L. Schwartz
Notary Public, State of New York
Reg. No. 01SC6364629
Qualified in Suffolk County
Commission Expires 09/18/2025

On the 23rd day of September, 2021, before me personally came and appeared Janelle Aikinson-Wignall, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

Dated: September 27, 2021
New York, New York

NEWKIRK ZWAGERMAN, P.L.C.
Attorneys for Plaintiff
By: _____
Thomas Newkirk
521 East Locust Street, Suite 300
Des Moines, Iowa 50309

#

Dated: September 27, 2021
New York, New York

LETITIA JAMES
Attorney General
State of New York
Attorney for Defendant
By:

_Helena Lynch_
Helena Lynch
Assistant Attorney General
200 Old Country Road, Suite 240
Mineola, New York 10501

Dated: _____, 2021

SO ORDERED:

_____
United States District Judge

11

**THIS SETTLEMENT AGREEMENT INCLUDES A
RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS**

Janelle Atkinson-Wignall

_____  Dated: September 23, 2021

STATE OF NEW YORK )
) ss.:
COUNTY OF Suffolk )

Emily L Schwartz
Notary Public, State of New York
Reg. No. 01SC6364629
Qualified in Suffolk County
Commission Expires 09/18/2025

On the 23rd day of September, 2021, before me personally came and appeared Janelle Atkinson-Wignall, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_Emily J. Schwartz_
NOTARY PUBLIC

Dated: September 27, 2021
New York, New York

NEWKIRK ZWAGERMAN, P.L.C.
Attorneys for Plaintiff
By:
_Thomas Newkirk_
521 East Locust Street, Suite 300
Des Moines, Iowa 50309

\#
Dated: September 27 2021
New York, New York

LETITIA JAMES
Attorney General
State of New York
Attorney for Defendant
By:
_Helena Lynch_
Helena Lynch
Assistant Attorney General
200 Old Country Road, Suite 240
Mineola, New York 10501

Dated: 9/28, 2021

SO ORDERED:

s/ Gary R. Brown
United States District Judge

11